UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

VERLONCIA CHABEAUN CARR,

     Plaintiff,

v.

LAS VEGAS METROPOLITAN POLICE
DEPARTMENT,

     Defendant.

Case No. 2:25-cv-01701-GMN-NJK

**ORDER**

[Docket No. 46]

Pending before the Court is Plaintiff's motion for leave to amend the first amended complaint. Docket No. 46 (motion and proposed second amended complaint). Defendant RBR Management, LLC filed a response in opposition. Docket No. 48. Plaintiff filed an untimely reply. Docket No. 54.[1] The Court does not require a hearing. *See* Local Rule 78-1.

**I.     BACKGROUND**

Plaintiff filed the original complaint in this matter on September 10, 2025. Docket No. 1. Defendants Circus Circus LV, LLC and RBR Management, LLC filed their respective motions to dismiss. Docket Ns. 9, 12. Plaintiff filed a first amended complaint on October 15, 2025. Docket No. 16. Defendants Circus Circus LV, LLC and RBR Management, LLC, once again, filed their respective motions to dismiss. Docket Nos. 22, 23. The motions to dismiss remain pending. *See* Docket Nos. 9, 12, 22, 23. Plaintiff now seeks leave to file a second amended complaint. Docket No. 46.

….

---

[1] Plaintiff fails to acknowledge the filing's untimeliness or establish excusable neglect for her delay. *See* Docket No. 54; *see also* LR 7-2(b) ("The deadline to file and serve any reply in support of the motion is seven days after service of the response"); *see also* LR IA 6-1 ("A request made after the expiration of the specified period will not be granted unless the movant or attorney demonstrates that the failure to file the motion before the deadline expired was the result of excusable neglect"). Accordingly, the Clerk's Office is **INSTRUCTED** to strike the reply. Docket No. 54; *see also* LR IA 10-1(d) ("The court may strike any document that does not conform to an applicable provision of these rules or any Federal Rule of Civil or Criminal Procedure").

1

## II.    STANDARDS

Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that "[t]he court should freely give leave [to amend] when justice so requires."  There is a strong public policy in favor of permitting amendment.  *Bowles v. Reade*, 198 F.3d 752, 757 (9th Cir. 1999).  Rule 15(a) is to be applied with "extreme liberality."  *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (*per curiam*).  Under Rule 15(a), courts consider various factors, including: (1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) futility of the amendment; and (5) whether the plaintiff has previously amended the complaint.  *See id.* at 1052.  Not all of these factors carry equal weight and prejudice is the "touchstone."  *Id.*  Absent a showing of prejudice or a strong showing of any of the remaining factors, there is a presumption that leave to amend should be granted.  *Id.*  The party opposing the amendment bears the burden of showing why leave should not be permitted.  *Underwood v. O'Reilly Auto Enters., LLC*, 342 F.R.D. 338, 343 (D. Nev. 2022).

## III.   ANALYSIS

Plaintiff seeks leave to amend the first amended complaint to: 1) identify the previously unnamed emergency medical technician ("EMT") defendants; 2) allege a battery claim against the identified EMT defendants and RBR Management, LLC; and 3) add a request for punitive damages against the identified EMT defendants.  *See* Docket No. 46 at 1-2; *see also* Docket No. 46 at 15-60 (proposed second amended complaint).  Defendant RBR Management, LLC submits that Plaintiff is using the substitution of named defendants "as a vehicle to insert baseless new claims and a prayer for punitive damages."  Docket No. 48 at 3.  Further, Defendant RBR Management, LLC contends that the instant motion is futile, brought in bad faith, unduly delayed, and highly prejudicial.  *See* Docket No. 48 at 5-10.

In considering the enumerated Rule 15 factors, the Court is not persuaded that sufficient grounds exist to deny leave to amend.  First, as to the undue delay factor, the instant motion was filed before the deadline to amend pleadings and add new parties.  *See* Docket No. 34 at 1 (setting a December 30, 2025, deadline to amend pleadings and add parties).  While Defendant relies on *AmerisourceBergen Corp. v. Dialysist W., Inc.* to argue that Plaintiff's delay in naming the

defendants constitutes undue delay, the circumstances underlying that decision are inapplicable here. *See* Docket No. 48 at 7 (citing 465 F.3d 946, 953 (9th Cir. 2006)). In *AmerisourceBergen Corp.,* the plaintiff filed its leave to amend nearly fifteen months after learning the information motivating amendment and, as a result, defendants would have been prejudiced with "unfairly imposed potentially high, additional litigation costs." 465 F.3d at 953. Here, Plaintiff learned the identities of the EMT defendants after receiving Defendant RBR Management, LLC's initial disclosures, *see* Docket No. 46 at 6, and the Court has since ordered a stay of discovery as to Defendant RBR Management, LLC. *See* Docket No. 49. Additionally, there is a "[a] strong presumption against a finding of undue delay" when a case is still in discovery. *Underwood v. O'Reilly Auto Enters., LLC*, 342 F.R.D. 338, 346 (D. Nev. 2022) (citing *Hologram USA, Inc. v. Pulse Evolution Corp.*, No. 2:14-cv-0772-GMN-NJK, 2015 WL 316900, at *3 (D. Nev. Jan. 23, 2015)). Therefore, the Court finds that there has been no undue delay in seeking leave to amend.

Second, as to the prejudice factor, Defendant RBR Management, LLC contends that "[p]rejudice can exist where amendment would require defendants to defend new theories, engage in additional discovery, or even incur further litigation expense at a late stage of the proceedings," but fails to explain why it would be prejudiced beyond merely asserting that Plaintiff "seeks to add claims and damages without any new factual basis and effectively on a whim." Docket No. 48 at 5 (citing *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387-88 (9th Cir. 1990)). In short, Defendant has not met its burden of showing prejudice. *See DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987).

Third, as to futility, Defendant RBR Management, LLC asserts that Plaintiff's effort to add a claim for battery and to seek punitive damages is futile. *See* Docket No. 48 at 7-10. Although futility can be a basis to deny leave to amend, *Novak v. United States*, 795 F.3d 1012, 1020 (9th Cir. 2015), courts do not generally deny leave to amend on that ground, *Underwood*, 342 F.R.D. at 346-47. "Ordinarily, courts will defer consideration of challenges to the merits of a proposed amended pleading until after leave to amend is granted and the amended pleading is filed." *Netbula, LLC v. Distinct Corp.*, 212 F.R.D. 534, 539 (N.D. Cal. 2003). The Court here declines

to address futility arguments through the instant motion practice.[2]  Accordingly, the Court is not persuaded that leave to amend should be denied.

**IV.    CONCLUSION**

For the reasons discussed above, Plaintiff's motion for leave to amend is **GRANTED**. Docket No. 46.  Plaintiff must promptly file and serve the second amended complaint.  *See* Local Rule 15-1(b).

The Court has conferred with the assigned district judge and **DENIES** without prejudice the pending motions to dismiss as they refer to inoperative complaints.  Docket Nos. 9, 12, 22, 23. Given that Defendants Circus Circus LV, LLC and RBR Management, LLC's respective motions to dismiss are resolved, and the case is not terminated as to these defendants, Defendants must comply with the scheduling order previously issued by the Court.  *See* Docket No. 34 (scheduling order); *see also* Docket Nos. 35, 49 (Court's orders granting a stay of discovery).

IT IS SO ORDERED.

Dated: January 16, 2026

_____
Nancy J. Koppe
United States Magistrate Judge

---

[2] Defendants are free, of course, to challenge the sufficiency of the second amended complaint through appropriate motion practice after the second amended complaint has been filed.