**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| VERLONCIA CHABEAUN CARR,<br><br>Plaintiff,<br>vs.<br><br>LAS VEGAS METROPOLITAN POLICE DEPARTMENT, *et al.*,<br><br>Defendants. | Case No.: 2:25-cv-01701-GMN-NJK<br><br>**ORDER** |

Pending before the Court are Motions to Dismiss from four Defendants: RBR Management, LLC (d/b/a Community Ambulance), (ECF No. 61); Circus Circus LV, LLC, (ECF No. 65); Kyle Badley, (ECF No. 83); and Rachelle Angel, (ECF No. 84). Plaintiff Verloncia Carr filed Responses to each, (ECF Nos. 67, 69, 95, 94), and Defendants RBR Management, LLC and Circus Circus LV, LLC filed Replies, (ECF Nos. 72, 73).

For the reasons discussed below, the Court GRANTS Defendant Circus Circus LV, LLC's Motion to Dismiss and DENIES the remaining Motions to Dismiss.

## I. BACKGROUND

This case arises from a use-of-force incident on September 11, 2023. (*See generally* Sec. Am. Compl., ECF No. 56). As alleged by Plaintiff Verloncia Carr, the relevant events began when she was ejected from the premises of the Circus Circus Hotel and Casino, owned by Defendant Circus Circus LV, LLC ("Circus Circus"). (*Id.* ¶ 19). Plaintiff, who along with her friends was a registered guest at the Circus Circus, was ordered to leave by security officers who told her she was being too loud. (*Id.* ¶¶ 19–29). She was not permitted to return to her room and retrieve her belongings. (*Id.* ¶¶ 26–29). Consequently, she walked to a nearby Las

Vegas Metropolitan Police Department ("LVMPD") Community Police Kiosk to report harassment by the Circus Circus security officers and to charge her phone so she could contact her friends. (*Id.* ¶ 30). Plaintiff's interaction with LVMPD officers escalated quickly: as she raised a plastic comb, Defendant LVMPD Officer Ashley Goehring knocked the comb out of her hand, maneuvered her against a wall, locked her arms behind her back, and called for backup. (*Id.* ¶¶ 32–43). Plaintiff struggled against Officer Goehring, who then executed a leg sweep, knocked Plaintiff to the ground, and punched her in the face eight times. (*Id.* ¶¶ 44–45). Plaintiff lost consciousness. (*Id.* ¶ 46).

Plaintiff requested that LVMPD officers call an ambulance for her injuries. (*Id.* ¶ 47). Defendants RBR Management, LLC (d/b/a Community Ambulance) ("Community Ambulance"), Emergency Medical Technician ("EMT") Kyle Badley, and EMT Rachelle Angel were dispatched to assist Plaintiff. (*Id.* ¶ 50). Badley and Angel loaded Plaintiff into the ambulance to transport her to the hospital. (*Id.* ¶¶ 51–53). En route to the hospital, Badley and Angel administered injections of a sedative without Plaintiff's consent, causing her to experience disorientation, muscle weakness, and impaired speech. (*Id.* ¶¶ 54–57).

Plaintiff initiated this action on September 10, 2025. (*See generally* Compl., ECF No. 1). Plaintiff filed a First Amended Complaint on October 15, 2025. (*See generally* First Am. Compl., ECF No. 16). On January 22, 2026, Plaintiff filed a Second Amended Complaint identifying the previously unnamed EMTs, adding a battery claim against Community Ambulance, Badley, and Angel, and adding a request for punitive damages against Badley and Angel. (Order Granting Mot. Amend 2:15–19, ECF No. 55); (*see generally* Sec. Am. Compl.). Four Defendants subsequently filed Motions to Dismiss: Community Ambulance, (ECF No. 61); Circus Circus, (ECF No. 65); Badley, (ECF No. 83); and Angel, (ECF No. 84).

## II. LEGAL STANDARD

Dismissal is appropriate under Federal Rule of Civil Procedure 12(b)(6) where a pleader fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A pleading must give fair notice of a legally cognizable claim and the grounds on which it rests, and although a court must take all factual allegations as true, legal conclusions couched as factual allegations are insufficient. *Twombly*, 550 U.S. at 555. Accordingly, Rule 12(b)(6) requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* This standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

If the court grants a motion to dismiss for failure to state a claim, leave to amend should be granted unless it is clear that the deficiencies of the complaint cannot be cured by amendment. *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992). Pursuant to Rule 15(a), the court should "freely" give leave to amend "when justice so requires," and in the absence of a reason such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962) (citing Fed. R. Civ. P. 15(a)).

## III. DISCUSSION

Plaintiff's Second Amended Complaint asserts 19 causes of action. (*See generally* Sec. Am. Compl.). Counts 17 and 18 are against Defendants Community Ambulance, Badley, and

Angel (collectively, "EMS Defendants"). (*Id.* ¶¶ 188–212). Claim 19 is against Circus Circus and its security employees. (*Id.* ¶¶ 213–22). The Court addresses the causes of action against EMS Defendants before turning to the sole claim against Circus Circus.

**A. Motions to Dismiss: Defendants Community Ambulance, Badley, and Angel**

Community Ambulance initially did not file its Motion to Dismiss on behalf of Badley and Angel because neither party had been served with the Second Amended Complaint. (C.A. Mot. Dismiss 3:26–28). Later, Badley and Angel each filed Motions to Dismiss that recite the same arguments as each other and as Community Ambulance's Motion to Dismiss (often verbatim). (*See generally* Badley Mot. Dismiss); (Angel Mot. Dismiss.). "Because the Motions to Dismiss raise similar or overlapping arguments, the Court addresses the motions collectively for efficiency purposes." *Browne v. Donalds*, No. 2:21-cv-02840, 2024 WL 3468898, at *1 n.1 (C.D. Cal. May 28, 2024).

Plaintiff's Second Amended Complaint asserts two causes of action jointly against EMS Defendants. Along with her other requested damages against all defendants, she seeks punitive damages against Badley and Angel. The Court addresses each claim in turn and then considers Plaintiff's request for punitive damages.

**1. Cause of Action 17: Common-Law Negligence**

Plaintiff alleges that Badley and Angel breached their duty of care to Plaintiff in various ways, including by "[a]dministering medication without informed consent or lawful authority," "[i]ntroducing a new and independent harm that would not have occurred had [they] refrained from intervening altogether," and "acting in concert with law enforcement to suppress or override [her] autonomy." (Sec. Am. Compl. ¶ 195). She claims that "[a]s a direct and proximate result of Defendants' Conduct, [she] suffered new physical and psychological injuries that did not exist prior to [Defendants'] intervention," such as "disorientation,"

"involuntary sedation," "[d]elayed hospital evaluation," and "ongoing psychological trauma." (*Id.* ¶ 197).

"To prevail on a negligence claim, a plaintiff must show that (1) defendants owed the [plaintiff] a duty of care; (2) defendants breached that duty; (3) this breach was the actual cause of his injury; (4) the breach was the proximate cause of his injury; and (5) plaintiff suffered damages." *Wesco Ins. Co. v. Smart Indus. Corp.*, No. 2:16-cv-1206, 2018 WL 3447171, at *3 (D. Nev. July 17, 2018) (citing *Scialabba v. Brandise Const. Co., Inc.*, 921 P.2d 928, 930 (Nev. 1996)). Whether the defendant owed the plaintiff a duty is a question of law, while causation and the existence of a breach are questions of fact. *See id.* (internal citations omitted).

As a preliminary matter, Plaintiff plausibly alleges all five elements. EMTs owe a duty of care in examining a patient. *See Porchia v. City of Las Vegas*, 504 P.3d 515, 519 (Nev. 2022). She provides detailed factual allegations about how EMS Defendants breached their duty of care by involuntarily sedating her and how the injections were actual and proximate causes of specific harm. (*See* Sec. Am. Compl. ¶¶ 50–59, 190–99). The Court now turns to EMS Defendants' Motions to Dismiss, which propose two statutory bars to Plaintiff's negligence claim.

First, EMS Defendants argue that her claim is time-barred under Nevada Revised Statute ("NRS") 41A.097, which sets a one-year statute of limitations for an "action for injury or death against a provider of health care." (C.A. Mot. Dismiss 11:24–27) (citing Nev. Rev. Stat. 41A.097). However, in June 2026, after briefing on EMS Defendants' Motions to Dismiss had concluded, the Nevada Supreme Court held that EMTs are not "provider[s] of health care" under Nevada's medical professional negligence statutes. *RBR Mgmt., LLC v. Eighth Jud. Dist. Ct.*, 591 P.3d 196, 198 (Nev. 2026). Consequently, Plaintiff's negligence claim against EMS Defendants is not time-barred by NRS 41A.097.

Second, EMS Defendants argue that Plaintiff's claim is barred by the public duty doctrine, codified in NRS 41.0336. (C.A. Mot. Dismiss 9:10–11). NRS 41.0336 provides that "fire department[s]," "law enforcement agenc[ies]," and their "individual officers, employees or volunteers" are not liable for their negligent acts or omissions unless the officer "made a specific promise or representation to a natural person who relied upon the promise or representation to the person's detriment" or the officer's conduct "affirmatively caused the harm." Nev. Rev. Stat. 41.0336. Plaintiff, perhaps anticipating this defense, specifies that Badley and Angel "did not provide assistance" to police but rather "were present solely to assist" Plaintiff. (Sec. Am. Compl. ¶ 192); (*see also* Resp. to C.A. Mot. Dismiss 6:26–7:20, ECF No. 67). Yet even assuming Plaintiff's factual allegations to be true, NRS 41.0336 applies to "public officers" writ large, including emergency medical services summoned by civilians. *See Porchia*, 504 P.3d at 518–29. Consequently, the viability of Plaintiff's negligence claim turns on whether she has sufficiently alleged facts allowing the Court to infer that one of the NRS 41.0336 exceptions applies.

Plaintiff plausibly alleges that Bradley and Angel's conduct "affirmatively caused . . . harm." Nev. Rev. Stat. 41.0336(2). To satisfy that standard, Plaintiff must allege facts that, when taken as true, demonstrate that Bradley and Angel "created a situation that led directly to [her] alleged harm and that their actions 'actively and continuously' operated to bring about [her] harm." *Porchia*, 504 P.3d at 519 (quoting *Coty v. Washoe Cnty.*, 839 P.2d 97, 99 (Nev. 1992)). "A negligent affirmative act leaves the plaintiff positively worse off." *Id.* (quoting *Faucheaux v. Provo City*, 343 P.3d 288, 293 (Utah Ct. App. 2015)). EMS Defendants argue that "Plaintiff does not allege any adverse reaction, or that the injection exacerbated breathing, consciousness, vitals, pain or prognosis," (C.A. Mot. Dismiss 11:10–11), but Plaintiff does exactly that: she specifically alleges that the injections caused her to "experience[] acute disorientation, muscular weakness, . . . impaired speech, . . . and [to] lose bodily control and

awareness." (Sec. Am. Compl. ¶¶ 56–57). Plaintiff further asserts that EMS Defendants' negligent treatment after administering the injections "disrupted continuity of care, and required [her] to undergo additional medical evaluation to determine the nature and effects of the injections." (*Id.* ¶ 58). In addition, Plaintiff claims that she "continues to suffer psychological distress, including hypervigilance, sleep disruption, and social withdrawal, as a result of the unauthorized chemical restraint and the lack of any medical explanation for the sedation administered to her." (*Id.* ¶ 59). Because she plausibly alleges that EMS Defendants caused "affirmative harm," Plaintiff's negligence claim is not barred by the public duty doctrine codified in NRS 41.0336.

Accordingly, EMS Defendants' Motions to Dismiss are DENIED as to Plaintiff's negligence claim.

**2. Cause of Action 18: Common-Law Battery**

Plaintiff alleges that Badley and Angel committed an intentional, unconsented-to physical contact by "administer[ing] one or more injections of a sedative medication." (Sec. Am. Compl. ¶¶ 202–04). Plaintiff asserts that the injections were "harmful and offensive in nature, as they caused involuntary sedation, loss of bodily control, acute disorientation, impaired speech, and significant emotional trauma," and she now suffers "ongoing psychological trauma." (*Id.* ¶¶ 206, 211).

Under Nevada law, "'a battery is an intentional and offensive touching of a person who has not consented to the touching.'" *Evans v. Hawes*, 718 F. Supp. 3d 1351, 1376 (D. Nev. 2024) (quoting *Humboldt Gen. Hosp. v. Sixth Jud. Dist. Ct.*, 376 P.3d 167, 171 (Nev. 2016)). Plaintiff plausibly alleges all elements: (1) she was physically touched in the administration of the injections, (Sec. Am. Compl. ¶ 202–03); (2) Badley and Angel intended the physical touch via the injection, (*id.*); (3) she did not consent to any injections, sedatives, or other medication, (*id.* ¶ 204); and (4) the injections were harmful and offensive in nature, (*id.* ¶ 206). EMS

Defendants propose two reasons why Plaintiff's allegations, even when assumed to be true, do not state a claim for relief.

First, EMS Defendants argue that Plaintiff's battery claim is barred by the two-year statute of limitations under NRS 11.190(4)(c). (C.A. Mot. Dismiss 16:11–12). The underlying events occurred on September 11, 2023, yet Plaintiff did not file the Second Amended Complaint until January 22, 2026, well beyond the two-year bar. (*See generally* Sec. Am. Compl.). Plaintiff filed her original Complaint on September 10, 2025, within the statute of limitations, but omitted to state a cause of action for battery. (*See generally* Compl.). The timeliness of Plaintiff's battery claim therefore depends on whether it relates back to the original Complaint.

Under Federal Rule of Civil Procedure 15(c), an amended pleading relates back to the original when "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading." Fed. R. Civ. P. 15(c)(1). Nevada's relation-back rule is the same. *See* Nev. R. Civ. P. 15(c). "If the original pleadings give fair notice of the fact situation from which the new claim for liability arises, the amendment should relate back for limitations purposes." *Nelson v. City of Las Vegas*, 665 P.2d 1141, 1146 (Nev. 1983). Plaintiff's battery claim arose out of the same September 11, 2023, incident as all her other claims, and the factual allegations she asserts with respect to the battery claim were asserted in the original Complaint. (*See generally* Compl.); (Sec. Am. Compl.). Because the original pleading adequately put EMS Defendants on notice of the underlying facts, the Second Amended Complaint relates back to the date of the first Complaint. Plaintiff's battery claim against EMS Defendants is not barred by the NRS 11.190(4)(c) statute of limitations.

Second, EMS Defendants argue that Nevada law precludes allegations of battery "where the plaintiff consented to medical care generally but disputed the administration of a particular

medication." (C.A. Mot. Dismiss 15:16–22). However, the Nevada Supreme Court clarified in June 2026 that the medical negligence statutes and precedent on which EMS Defendants rely do not apply to EMTs. *See RBR Mgmt.*, 591 P.3d at 198; *see also Guillory v. Las Vegas Metro. Police Dep't*, No. 2:23-cv-2010, 2025 WL 764139, at *4 (D. Nev. Mar. 10, 2025) (denying a motion to dismiss that presented a similar defense to a battery claim against EMTs).

Accordingly, EMS Defendants' Motions to Dismiss are DENIED as to Plaintiff's battery claim.

**3. Punitive Damages**

In her Prayer for Relief, Plaintiff seeks "[p]unitive damages in an amount sufficient to punish and deter" Badley and Angel "for their willful, malicious, oppressive, and reckless disregard of Plaintiff's rights." (Sec. Am. Compl. 44:1–3). EMS Defendants argue that Plaintiff fails to sufficiently plead grounds to warrant punitive damages. (C.A. Mot. Dismiss 18:4–5). "Because punitive damages constitute a remedy, not a claim, a motion to dismiss is not the proper mechanism to challenge a prayer for punitive damages unless all claims under which punitive damages could be granted are dismissed." *Sanchez v. CoreCivic, Inc.*, No. 3:25-cv-1944, 2025 WL 2962441, at *6 (S.D. Cal. Oct. 20, 2025) (internal quotations omitted). The Court did not dismiss either of Plaintiff's claims against Badley and Angel, so Defendants' Motions to Dismiss are DENIED as to Plaintiff's request for punitive damages.

**B. Circus Circus Motion to Dismiss**

Plaintiff asserts just one cause of action against Defendant Circus Circus and its unnamed security employees: negligence. (Sec. Am. Compl. ¶¶ 213–22). She claims that Circus Circus and its employees breached their duty of care to her by ejecting her from the premises "without lawful justification, without warning, and without allowing her to retrieve her personal belongings . . . or contact persons." (*Id.* ¶ 215).

To prevail on her negligence claim, Plaintiff must first show that Circus Circus owed her a duty of care. *Wesco Ins.*, 2018 WL 3447171, at *3 (citing *Scialabba*, 921 P.2d at 930). Whether the defendant owed the plaintiff such a duty is a question of law. *See id.* (citing *Turner v. Mandalay Sports Ent., LLC*, 180 P.3d 1172, 1177 (Nev. 2008)).

Plaintiff alleges that Circus Circus and its employees owed a duty of reasonable care "to guests lawfully present on the presences." (Sec. Am. Compl. ¶ 214). However, Plaintiff cites Nevada laws that make property owners and employees liable for injuries occurring at the property. For instance, she claims that NRS 651.015 "imposes liability for injuries caused by foreseeable misconduct when [a hotel owner] fails to exercise due care," (*id.*), but omits that the statute only makes hotel owners liable for injuries "on the premises." Nev. Rev. Stat. 651.015(1), (2). She also cites *Turner v. Mandalay Sports Entertainment*, 180 P.3d 1172 (2008), which held a property owner liable for an injury that occurred to a patron on the premises. (*See generally id.*). By contrast, Plaintiff's injuries occurred after she was forced to leave the Circus Circus premises, rendering the laws she cites inapplicable.

As a matter of law, Circus Circus is permitted to remove individuals from its premises. *See Demissie v. Ford*, No. 2:25-cv-00504, 2026 WL 867176, at *15 (D. Nev. Mar. 27, 2026) (citing Nev. Rev. Stat. 207.200, 651.020). While "a hotel proprietor has the duty to effectuate a reasonable eviction," it does not have a duty to prevent injuries later sustained by the evicted patron off the proprietor's premises. *Rodriguez v. Primadonna Co., LLC*, 216 P.3d 793, 799 (Nev. 2009). Like other aggrieved guests before her, Plaintiff here "cites no controlling legal authority for a casino owing a duty of care to individuals who have been previously trespassed from its premises." *Tsao Chang v. Desert Palace, Inc.*, No. 2:08-cv-00713, 2009 WL 10676790, at *12 (D. Nev. June 8, 2009), *vacated in part on other grounds*, 698 F.3d 1128 (9th Cir. 2012).

Accordingly, the Court DISMISSES Plaintiff's negligence claim against Circus Circus. Since Circus Circus owed no duty of care to Plaintiff after removing her, amendment would be futile.

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that Defendant RBR Management, LLC's (d/b/a Community Ambulance) Motion to Dismiss, (ECF No. 61), Defendant Kyle Badley's Motion to Dismiss, (ECF No. 83), and Defendant Rachelle Angel's Motion to Dismiss, (ECF No. 84), are **DENIED.**

**IT IS FURTHER ORDERED** that Defendant Circus Circus LV, LLC's Motion to Dismiss, (ECF No. 65), is **GRANTED.** Cause of Action 19 of Plaintiff's Second Amended Complaint is **DISMISSED with prejudice.** Defendant Circus Circus LV, LLC is **DISMISSED with prejudice** as a party.

**DATED** this 29th day of September, 2026.

Gloria M. Navarro, District Judge
UNITED STATES DISTRICT COURT