Courtney Christopher, Esq. (NBN 12717)
Tania J. Dawood, Esq. (NBN 15899)
Jessica R. Gandy, Esq. (NBN 14202)
HUTCHISON & STEFFEN, PLLC
Peccole Professional Park
10080 West Alta Drive, Suite 200
Las Vegas, NV 89145
Telephone: (702) 385-2500
Facsimile: (702) 385-2086
cchristopher@hutchlegal.com
tdawood@hutchlegal.com
jgandy@hutchlegal.com
*Attorneys for Defendants*
*Kyle Badley, Rachelle Angel, and*
*RBR Management, LLC dba Community Ambulance*

**IN THE UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| VERLONCIA CHABEAUN CARR, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>ASHLEY NICOLE GOEHRING, individually and in her official capacity as a police officer; STEPHANIE ANNE SCOTT, individually and in her capacity as a police sergeant; LAS VEGAS METROPOLITAN POLICE DEPARTMENT, a political subdivision of the State of Nevada; DOE OFFICERS I–XX, ROE EMERGENCY MEDICAL TECHNICIANS I-XX, KYLE BADLEY, individually and in his capacity as an Emergency Medical Services provider; RACHELLE ANGEL, individually and in her capacity as an Emergency Medical Services provider; RBR MANAGEMENT, LLC, a Nevada Limited Liability Company, dba COMMUNITYAMBULANCE, POE SECURITY OFFICERS I-XX, CIRCUS CIRCUS LV, LLC, a Nevada Limited Liability | Case No. 2:25-cv-01701-GMN-~~NJK~~ EJY<br><br>**~~[PROPOSED]~~ STIPULATED DISCOVERY PLAN AND SCHEDULING ORDER SUBMITTED IN COMPLIANCE WITH LR 26-1(b)** |

Company, dba CIRCUS CIRCUS HOTEL & CASINO, inclusive,

Defendants.

Plaintiff, VERLONCIA CHABAUN CARR, appearing by and through her counsel of record, Carle E. G. Arnold, Esq. of CGA LAW GROUP; Defendants ASHLEY NICOLE GOEHRING ("Goehring"), STEPHANIE ANNE SCOTT ("Scott"), KYLE BADLEY, RACHELLE ANGEL and RBR MANAGEMENT, LLC dba COMMUNITY AMBULANCE ("RBR")("collectively RBR Defendants"), by and through their counsel of record, Courtney Christopher, Esq., Jessica Gandy, Esq., and Tania Dawood, Esq. of the law firm of HUTCHISON & STEFFEN, PLLC;, hereby submit their stipulated Discovery Plan and Scheduling Order pursuant to Federal Rules of Civil Procedure 16 and 26 as well as LR 16-1 and 26-1. It is hereby requested that the Court enter the following discovery plan and scheduling order:

**I. DISCOVERY PLAN**

a. **Discovery Cut-Off: 04/16/27**

b. **Deadline to Amend Pleadings: 01/15/27** (90 days prior to the close of discovery).

c. **Deadline to Disclose Initial Expert: 02/15/27** (60 days prior to the close of discovery).

d. **Deadline to Disclose Rebuttal Expert: 03/17/27** (30 days after Initial Disclosure of Experts)

e. **Deadline to File Dispositive Motions: 05/17/27** (30 days after the close of discovery).

**II. PRE-TRIAL ORDER**

The Parties shall file a joint pretrial order no later than **June 16, 2027**, or thirty (30) days after the date set for filing dispositive motions. In the event that the Parties file dispositive motions, the date for filing the joint pretrial order shall be suspended until thirty (30) days after decision on the dispositive motions or further Order of the Court. The disclosure required by Federal Rule of

civil Procedure 26(a)(3) and objections thereto shall be made in the pre-trial order.

**III. INITIAL DISCLOSURE**

The Parties have served their initial disclosures. Any party seeking damages shall comply with Federal Rule of Civil Procedure 26(a)(1)(A)(iii).

**IV. EXTENSION OF DISCOVERY DEADLINE**

Requests to extend the discovery shall comply fully with LR 26-3. Applications to extend any date set by the discovery plan, scheduling order, or other order must, in addition to satisfying the requirements of LR IA 6-1, be supported by a showing of good cause for the extension. The motion or stipulation shall include:

a. A statement specifying the discovery completed by the Parties as of the date of the motion or stipulation;

b. A specific description of the discovery which remains to be completed;

c. The reasons why such remaining discovery was not completed within the time limit of the existing discovery deadline; and

d. A proposed schedule for the completion of all remaining discovery.

It is not good cause for a later request to extend discovery that the Parties informally postponed discovery. Any stipulation that would interfere with any time set for completion of discovery, for hearing of a motion, or for trial, may be made only with approval of the Court.

**V. ELECTRONICALLY STORED INFORMATION**

The Parties stipulate and agree that all discoverable documents will be produced on CD-ROM in Portable Document Format ("PDF") with optical text recognition (electronically searchable text) as reasonably practicable. The Parties further agree that the "parent-child relationships" between documents will be preserved when documents are produced (e.g., e-mails and their attachments will be produced together with consecutive bates numbers) as reasonably practicable. While the Parties agree at this time that it is not necessary to produce the metadata for electronic documents, the Parties reserve their respective rights to request such information should any Party deem it necessary. This agreement not only determines the format in which the

Parties produce documents; it does not affect any other right of any Party.

**VI. LR 26-1(b) CERTIFICATION**

The Parties certify that they have considered consenting to trial by magistrate judge and use of the Short Trial program. The Parties further certify that they have met and conferred about the possibility of using alternative dispute resolution processes, including mediation, arbitration, and early neutral evaluation.

**VII. ELECTRONIC SERVICE**

The Parties agree to accept electronic service of discovery requests and responses and other papers pursuant to Federal Rule of Civil Procedure 5(b)(2)(E). For electronic service to be effective as to Plaintiff, electronic service shall be sent to Carl E.G. Arnold, Esq., at carl@cegalawgroup.com. For electronic service to be effective as to the RBR Defendants, electronic service shall be sent to Courtney Christopher, Esq., at cchristopher@hutchlegal.com, Jessica Gandy, Esq. at jgandy@hutchlegal.com, and Tania Dawood, Esq.. at tdawood@hutchlegal.com. To the extend discovery requests are served on a Saturday, Sunday, or legal holiday, service will be deemed effective on the next day that is not a Saturday, Sunday, or legal holiday. The Parties discussed whether they intend to present evidence in electronic format to jurors for the purpose of jury deliberations and agreed that should discovery be provided in an electronic format at trial, it will be compatible with the Court's electronic jury evidence display system pursuant to LR 26-1(b)(9).

**VIII. PROTECTIVE ORDERS**

Any Party may seek to enter into a stipulated protective order pursuant to Federal Rule of civil Procedure 26(c) prior to producing any confidential documents in its possession.

. . .

. . .

. . .

. . .

. . .

**IV. STATEMENT OF REASONS WHY LONGER OR DIFFERENT TIME PERIODS SHOULD APPLY TO THIS CASE**

The Parties proposed discovery plan is in compliance with the deadlines set forth in LR 26-1.

**IT IS SO STIPULATED**.

Dated this 26th day of October 2026.

CEGA LAW GROUP

*/s/ Carl E.G. Arnold, Esq.*
Carl E.G. Arnold, Esq. (NBN 8358)
1771 E. Flamingo Avenue, 211B
Las Vegas, NV 89119
carl@cegalawgroup.com
*Attorney for Plaintiff*
*Verloncia Chabeaun Carr*

Dated this 26th day of October 2026.

HUTCHISON & STEFFEN, PLLC

*/s/ Jessica Gandy, Esq.*
Courtney Christopher, Esq. (NBN 12717)
Jessica R. Gandy, Esq. (NBN 14202)
Tania J. Dawood, Esq. (NBN 15899)
10080 West Alta Drive, Suite 200
Las Vegas, NV 89145
cchristopher@hutchlegal.com
jgandy@hutchlegal.com
tdawood@hutchlegal.com
*Attorneys for Defendants*
*Kyle Badley, Rachelle Angel and*
*RBR Management, LLC dba Community Ambulance*

**IT IS SO ORDERED this 26th day of October 2026.**

**U.S. MAGISTRATE JUDGE**